**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Joseph Lopez, ) | No. CV-06-2837-PCT-FJM (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Tom Sheahan, et al., ) | |
| Defendants. ) | |

This matter arises on Plaintiff's Motion for the Appointment of Counsel. (docket # 24) There is no constitutional right to appointment of counsel in a civil case. *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of plaintiff to articulate his claims in view of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

In support of his motion, Plaintiff claims that he lacks legal knowledge, has inadequate access to legal materials and needs assistance in discovery. Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. The Court will deny Plaintiff's motion to appoint counsel because no exceptional circumstances exist in

1  this case.  The Court may revisit this issue if it deems the appointment of counsel necessary to
2  assist Plaintiff during trial.
3       Accordingly,
4       IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel
5  (docket # 24) is **DENIED** without prejudice.
6       DATED this 3rd day of July, 2007.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

- 2 -